UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| NAVSAV HOLDINGS IV, LLC | CIVIL ACTION |
| VERSUS | NO: 25-1852 |
| ASHLEY JOHNSON, ET AL. | SECTION: "A" (4) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss Counterclaims (Rec. Doc. 29)** filed by the plaintiff, NavSav Holdings IV, LLC. The defendants, Ashley Johnson, Christopher Johnson, and Pointer Insurance Agency, LLC, oppose the motion. The motion, submitted for consideration on March 4, 2026, is before the Court on the briefs without oral argument.

The Court reiterates the factual allegations presented in NavSav's complaint, as summarized in the Court's ruling on Defendants' motion to dismiss:

> NavSav's complaint arises out of its purchase (for $5.4 million dollars) of the assets [of] Pointer Insurance Agency, LLC from Ashley and Christopher Johnson. (Rec. Doc. 1, Complaint ¶ 10). NavSav alleges that an essential part of the sale was that the Johnsons were obligated to deliver to NavSav all data and information contained in Pointer Insurance Agency's data management system. (*Id.* ¶ 12). But after the sale was completed, the Johnsons refused to execute a license transfer agreement which would have not only allowed NavSav to have direct access to the data that it purchased, but would have also allowed NavSav to restrict the Johnsons' access to the data that they sold. (*Id.* ¶ 13). The Johnsons' refusal to execute the license transfer agreement forms the factual basis for NavSav's breach of contract claim. NavSav alleges that the data management system contained confidential information and trade secrets that were exclusively owned by NavSav as a result of the sale with the Johnsons retaining no ownership rights to the data. (Complaint ¶ 14).

1

After the sale, NavSav hired Ashley Johnson. (*Id.* ¶ 21). At this point Ashley Johnson had access to all of NavSav's customer data in addition to the data that NavSav had purchased from the Johnsons. (*Id.* ¶ 22). While Ashley Johnson was employed with NavSav, the Johnsons allegedly added some of NavSav's pre-sale confidential customer data to the data information system that the Johnsons used to own and to which they retained access. (*Id.* ¶ 27). On April 5, 2024, Ashley Johnson's employment at NavSav ended and she became employed by Insurance America, one of NavSav's competitors. (*Id.* ¶¶ 23-24).

NavSav is convinced that the Johnsons have used and continue to use NavSav's confidential customer data to solicit customers from NavSav, and in fact a multitude of customers have cancelled their policies with NavSav to obtain insurance through its competitor Insurance America. (*Id.* ¶¶ 33, 36). NavSav alleges that it informed Insurance America's principal of Ashley Johnson's conduct but it has continued to acquiesce in her alleged misuse of NavSav's data in order to reap the financial benefits. (*Id.* ¶ 35).

In addition to the allegation that the Johnsons breached their sale and assignment agreement with NavSav by refusing to deliver exclusive access of the client data to NavSav, NavSav alleges that the Johnsons misappropriated trade secrets under both federal (18 U.S.C. 1836) (Defense of Trade Secrets Act) ("DTSA"), and state (La. R.S. § 51:1431) (Louisiana Uniform Trade Secrets Act) ("LUTSA") law, violated the Louisiana Unfair Trade Practices Act (La. R.S. § 51:1405) ("LUTPA"), and engaged in the tort of conversion. NavSav seeks damages, penalties, attorney's fees, and injunctive relief.

(Rec. Doc. 31, Order and Reasons granting in part and denying in part Defendants' motion to dismiss).[1]

In response to NavSav's complaint, Defendants fired back with numerous counterclaims against NavSav, and they have supported those counterclaims with extensive factual allegations. (Rec. Doc. 27, Answer/Counterclaims). While it is always illuminating to hear the opposing side's version of events, Defendants' allegations

---

[1] At the conclusion of the cited Order and Reasons, the Court set a status conference with counsel. That status conference is scheduled for March 12, 2026.

2

suggest some very disturbing tactics on the part of NavSav, essentially business "bullying" that even includes abuse of the judicial system. Of course, allegations are not proof.

Nonetheless, NavSav offers a plethora of arguments in moving to dismiss nearly all of Defendants' counterclaims.

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)).

The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (quoting *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim for relief that is plausible on its face." *Id.* (quoting *Iqbal*, 129 S. Ct. at 1949). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court does not accept as true "conclusory allegations, unwarranted

3

factual inferences, or legal conclusions." *Id.* (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Legal conclusions must be supported by factual allegations. *Id.* (quoting *Iqbal*, 129 S. Ct. at 1950).

Like Defendants' motion to dismiss, NavSav's motion to dismiss seeks to have the Court adjudicate the merits of this case on the pleadings. Accepting all of the factual allegations as true, which the Court is legally compelled to do at this juncture, the Court is persuaded that the motion must be denied.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss Counterclaims (Rec. Doc. 29)** filed by the plaintiff, NavSav Holdings IV, LLC, is **DENIED**.

March 6, 2026

_____
Judge Jay C. Zainey
United States District Court